IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cr-00082-MR-WCM-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DAYTON RAY RICE, II, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on a *pro se* letter filed by the Defendant. [Doc. 67].

In his letter, the Defendant appears to seek a modification of his sentence based on his current medical condition and his family circumstances. [Doc. 67]. The Defendant's letter is procedurally improper. The Court previously has warned the Defendant that a party cannot seek relief through the filing of letters, and that only motions will be ruled on by the Court. [See Doc. 63]. Accordingly, the Defendant's letter is stricken.

The Defendant is advised that, should he choose to file a motion for a modification of his sentence based on extraordinary and compelling reasons, he first must fully exhaust his administrative rights with the Bureau of Prisons.

See 18 U.S.C. § 3582(c)(1)(A) (allowing modification "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 67] is **STRICKEN**.

**IT IS SO ORDERED.**

Signed: October 4, 2024

Martin Reidinger
Chief United States District Judge

2

Case 1:21-cr-00082-MR-WCM   Document 68   Filed 10/04/24   Page 2 of 2